UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINE WALKOWIAK,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

**DECISION AND ORDER**
17-CV-93S

Plaintiff Christine Walkowiak is a prevailing party in this social security benefits action. Presently before this Court is Plaintiff's counsel's Amended Motion for Attorney Fees under 42 U.S.C. § 406 (b)(1)(A). (Docket No. 23.) Defendant does not oppose the motion but raises timeliness concerns. (Docket No. 27.)

Forty-two U.S.C. § 406 (b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The United States Court of Appeals for the Second Circuit has recently clarified that § 406 (b) motions must be filed within 14 days after the claimant receives notice of the Commissioner's favorable award on remand, consistent with Rule 54 (d)(2)(B) of the

Federal Rules of Civil Procedure and equitable tolling principles. See Sinkler v. Berryhill, 932 F.3d 83, 87-88 (2d Cir. 2019).

In Sinkler, the Second Circuit waded into the existing circuit split concerning whether Rule 54 (d)(2)(B) or Rule 60 (b) determines the timeliness of § 406 (b) motions, joining the Third, Fifth, and Eleventh Circuits in finding that Rule 54 applies. See id.; see also Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010) (applying Rule 54); Pierce v. Barnhart, 440 F.3d 657, 663 (5th Cir. 2006) (same); Burgen v. Comm'r of Soc. Sec., 545 F.3d 1273, 1277 (11th Cir. 2006) (same); but see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006) (applying Rule 60 (b)).

Rule 54 (d)(2)(B)(i) provides that motions for attorney's fees be filed no later than 14 days after the entry of judgment, unless a statute or a court order provides otherwise. But as the Second Circuit noted, strict application of this timeframe is problematic in the § 406 (b) context because "the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406 (b) caps attorney's fees at 25% of the benefits award." Sinkler, 932 F.3d at 87. Counsel is thus faced with "a deadline that cannot be met." Walker, 593 F.3d at 280. Joining the Third, Fifth, and Eleventh Circuits, the Second Circuit resolved this practical problem by applying the doctrine of equitable tolling to extend the time to file § 406 (b) motions until 14 days after the claimant is notified of the Commissioner's favorable award on remand, which the Second Circuit found more harmonious with the federal rules of civil procedure than applying Rule 60 (b). Sinkler, 932 F.3d at 88-89.

The Second Circuit addressed another practical problem: Sinkler's lack of notice

that the 14-day limitations period applies. Sinkler argued that her motion should be considered timely filed under a reasonableness standard—whether the motion was filed "within a reasonable time"—notwithstanding the rule application announced in Sinkler, because that had been the practice of various district courts in the Second Circuit to-date. See id. at 90-91. The court was unpersuaded. Even applying the reasonableness standard that Sinkler invited it to do, the court found that Sinkler's unexplained failure to file her § 406 (b) motion for more than six months after receiving notice of the Commissioner's calculation of benefits on remand was not reasonable. See id. It therefore found no prejudice stemming from Sinkler's lack of notice that Rule 54 and principles of equitable tolling govern the timeliness of § 406 (b) motions. See id. Consequently, it affirmed the district court's judgment.

Here, Plaintiff was awarded $143,848 in past-due benefits by letter dated August 27, 2019 (post-Sinkler). (Notice of Award, Docket No. 23-5.) That notice also advised that $35,962 was withheld for attorney's fees. (Id.) On September 14, 2019, counsel filed a § 406 (b) motion (amended on September 19, 2019) seeking $25,962.13 in fees, consistent with the contingent-fee agreement that provides for attorney fees not to exceed 25% of any recovery. (Affirmation of Lewis L. Schwartz ("Schwartz Aff."), Docket No. 23-2, ¶ 1; Fee Agreement, Docket No. 23-3.) Adding three days for mailing, the § 406 (b) motion is one day late under Sinkler, but within the 65-day time-frame set by Local Rule 5.5 (g)(1). Because counsel's fee application is timely under the local rule and just one day late under Sinkler, this Court deems it timely.[1]

---

1 The Sinkler court did not consider the propriety of Local Rule 5.5 (g)(1) but questioned the continuing

Having thoroughly reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 808, 1122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Moreover, there is no indication that this fee is a windfall. Id. Plaintiff's counsel's $25,962.13 fee request is therefore granted under 42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered on November 21, 2017, this Court previously awarded Plaintiff's counsel $5,500 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). (Docket No. 19, 20.) According to Plaintiff's counsel, however, he received only $4,873.91 due to a tax garnishment. (Schwartz Aff., ¶ 18.) Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the EAJA fee to Plaintiff and has agreed to do so. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988); Schwartz Aff., ¶ 18.

IT HEREBY IS ORDERED, that counsel's Amended Motion for Attorney Fees in the amount of $25,962.13 under 42 U.S.C. § 406 (b)(1)(A) (Docket No. 23) is GRANTED.

---

need for such a rule in light of its decision.  Sinkler, 932 F.3d at 89 n.6.  Nonetheless, Local Rule 5.5 (g)(1) remains in effect at this time.

FURTHER, that counsel is directed to refund to Plaintiff the $4,873.91 EAJA award within 14 days of the entry date of this Decision and Order.

SO ORDERED.

Dated: November 22, 2019
       Buffalo, New York

                                          <u>s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            United States District Judge